14738

REESE v. HINNANT *ET AL.*

(198 S. E., 403)

*Mr. C. S. Monteith, Jr.,* for petitioner,

*Mr. Wm. Elliott, Jr.,* for respondents,

August 12, 1938.

*Per curiam.*

This action was brought in the original jurisdiction of the Court upon the petition of Jesse T. Reese, Jr., accompanying which was an affidavit showing that public interests of considerable import are involved.

It appears from the record that the petitioner is a resident and freeholder of Richland County, S. C., and is qualified to bring this action under the rules of this Court in its original jurisdiction. The petitioner seeks permanently to restrain the respondents from issuing certain highway coupon notes pursuant to an Act entitled "An Act to Authorize the Board of County Commissioners of Richland County to Borrow Not Exceeding $360,000.00 for The Purpose of Improving Certain Roads in The County of Richland and to Provide For The Payment Thereof", which Act was approved by the Governor on the 9th day of May, A. D. 1938. Upon the petition this Court granted a temporary injunction prohibiting the sale thereof pending a final determination by the Court.

It further appears from the record that the respondents on the date of the petition had already put in process the means for selling and issuing the notes authorized by said Act, and he as a taxpayer of Richland County questions the authority granted to the rspondents to issue said notes under the Act.

The petition is based upon the ground that the said coupon notes would be invalid and unlawful for the reason that said Act authorizing their issuance is unconstitutional because the Act specifies particular roads to be surface-treated with money authorized to be borrowed, which violates the Constitution of 1895, Article 1, Section 14.

Art. 1, Sec. 14, reads: "In the government of this State the legislative, executive and judicial powers of the Government shall be forever separate and distinct from each other, and no person or persons exercising the functions of one of said departments shall assume or discharge the duties of any other."

The record shows, by the agreed statement of facts, that the sole question to be determined by this Court is, "Has the legislature of the State of South Carolina, by legislative enactment, the right to specify which roads in any county shall be improved with money authorized to be borrowed by said county?" The petitioner relies solely upon the case of *Bramlette v. Stringer,* 186 S. C., 134, 195 S. E., 257, and advances the theory that this Court in holding in that case that such parts of an Act as attempt to give a county legislative delegation discretion with reference to what amount of bonds should be issued, how they should be issued and what roads should be constructed or improved with the proceeds of the bonds, prohibits the issuance of the notes here involved.

It is, therefore, necessary, in determining the issue involved in the instant case to first decide whether the *Bramlette case* is controlling. In the *Bramlette case* the Act authorizing the issuance of the bonds of Greenville County left open and delegated to the legislative delegation of Greenville County the right to determine what amount of bonds should be issued, how they should be issued, and what roads should be constructed or improved by the proceeds of the bonds and loan, all to be determined in the discretion of the delegation subsequent to the passage and approval of that Act, even though the Legislature might not then be in session. Clearly such a delegation of authority was unconstitutional.

The Act in the instant case appears to be complete within itself from a legislative standpoint, and does not undertake to delegate executive authority to the Richland County Legislative Delegation. The Act was regularly passed at the legislative session and duly approved by the Governor, and upon such approval no further legislative control was retained.

An examination of the Constitution of 1895 will not show a singe provision attempting to define or create a uniform or definite form of county govern-

ment, and where the Constitution does not prohibit or provide, then the Legislature has plenary powers therein. Article 7, Section 11, has been repeatedly construed by this Court to give the General Assembly complete control over the government and other internal affairs of the counties of the State.

The case of *Lillard v. Melton,* 103 S. C., 10, 87 S. E., 421, holds that the administrative and executive functions of a county are not inherently vested in any governing board or commission of a county, but may be taken away or changed by the legislature at will.

In that case the Court quotes with approval from 1 Dill. Munic. Corp., Section 98, as follows (page 428) : " 'It must now be conceded that the great weight of authority denies *in toto* the existence, in the absence of special constitutional provisions, of *any inherent right of local self-government which is beyond legislative control.* The Supreme Court of the United States has declared that a "municipal corporation, in the exercise of all its duties, including those most strictly local or internal, is but a department of the State. The Legislature may give it all the powers such a being is capable of receiving, making it a miniature state within its locality; or it may strip it of every power, leaving it a corporation in name only; and it may create and recreate these changes as often as it chooses, or it may itself exercise directly within the locality any or all the powers usually committed to a municipality. * * * The people are the recognized source of all authority, state and municipal; and to this authority it must come at last." ' "

In the Act under consideration the Legislature has seen fit to exercise itself directly in Richland County the acts it usually committed to the discretion of the County Board of Commissioners, which Board of County Commissioners it could have abolished, or could have taken its powers and transferred them to another commission.

In the case of *Gaston v. State Highway Department,* 134 S. C., 402, 132 S. E., 680, a State Highway Act was under

consideration by this Court, and while the Court in that case was not called upon to pass upon the question as to whether or not a distinction of the specific roads to be paved by the Legislature was unconstitutional or not, nevertheless this Court said (page 683) : "The Legislature has the right in providing for a system of state highways, to say just where the roads shall be built, just what kind of roads shall be constructed, and just how they shall be built   *   *   *."

See, also, the case of *State v. Lewis,* 181 S. C., 10, 186 S. E., 625.

It is the judgment of this Court that the Act relating to the Richland County note issue, Acts of 1938, approved 9th day of May, 1938, here involved, be and the same is hereby declared not to violate the constitutional provision of the Constitution relied upon in the petition.

The temporary injunction heretofore issued is hereby dissolved and the petition for a permanent injunction is refused, and the petition dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.

MR. JUSTICE CARTER did not participate on account of illness.