19423

Harold C. MORRIS, Individually and representing the property owners and taxpayers of Aiken County, Appellant, v. Mackey SCOTT, Supervisor, et al., Respondents

(189 S. E. (2d) 28)

*Lonnie A. Garvin, Esquire,* of Aiken, *for Appellant,*

*Messrs. Julian B. Salley, Jr.,* of Aiken, *Thomas A. Hutcheson, of Sinkler, Gibbs, Simons & Guerard,* Charleston, and *Edwin B. Brading, Asst. Atty. Gen.,* of Columbia, *for Respondents,*

May 23, 1972.

*Per Curiam:*

We are of the opinion that the order of the Honorable J. B. Ness properly sets forth and disposes of all of the issues raised on the appeal now before us. His order will be printed herewith as the directive of this Court.

## ORDER OF JUDGE NESS

This action was instituted by the Plaintiff, individually and representing the property owners and taxpayers of Aiken County, South Carolina, contesting the right of the Defendants, constituting The County Board of Aiken County, to issue general obligation bonds to defray the cost of relocating Aiken County Courthouse to a new site within the City of Aiken. The Plaintiff alleges that Section 14-2, South Carolina Code of Laws, 1962, prohibits the moving of a courthouse without the favorable result of the referendum prescribed therein; and that Act No. 1319 of 1970 which authorizes the relocation of the Aiken County Courthouse within the City of Aiken is unconstitutional special legislation in violation of subsection 9 of Section 34, of Article III, of the South Carolina Constitution. Finally, the Plaintiff alleges that the method of electing the members of the Defendant, The County Board of Aiken County, violates the equal protection and due process clauses of the State and Federal Constitutions in that the districts from which 3 members of The County Board of Aiken County are elected have unequal populations, but the voters of each

of the said districts elect one man to serve on The County Board of Aiken County.

The Defendants, constituting The County Board of Aiken County, have filed an Answer generally admitting all of the factual allegations of the Complaint concerning the proposed relocation of the Aiken County Courthouse; and further alleging that their proposed action in this regard is being done pursuant to law and violates no provision of the State and Federal Constitutions. There is no dispute as to the facts, and this matter was heard before me on December 18, 1971, at which time the issues raised by the Complaint and the Answer were fully presented.

By Act No. 1426 enacted at its 1968 Session the South Carolina General Assembly authorized The County Board of Aiken County, provided the constitutional amendment referred to in Section 2 thereof was favorably voted on in the 1968 General Election and subsequently ratified by the General Assembly, to issue and sell general obligation bonds of Aiken County in the aggregate principal amount of not to exceed Two Million Five Hundred Thousand Dollars ($2,500,000.00) in order to obtain funds for the following purposes;

(1) to construct a new building to contain the Aiken County Courthouse and related facilities;

(2) to purchase real estate to be used in conjunction with the new building; and

(3) to provide all necessary funds needed for construction and equipment.

Pursuant to this authorization The County Board of Aiken County undertook to prepare plans to construct a new Aiken County Courthouse on another site within the City of Aiken. The first question to be disposed of is whether the existing courthouse can be moved 14-2, South Carolina Code of Laws, 1962. without the petition and referendum prescribed by Section

What is now Code Section 14-2 was first enacted as a part of Act No. 35 of 1896 entitled "AN ACT to Provide for the Formation of New Counties and the Changing of County Lines and County Seats and Consolidation of Counties." The 1895 Constitution provides a method by which new counties can be established and Act No. 35 of 1896 is the legislative vehicle by which the constitutional authorization can be carried out. Accordingly Act No. 35 of 1896 requires (a) a petition by one-third of the qualified electors within the area of each section of the old county proposed to be cut off as prescribed by Article VII, Section 1, of the South Carolina Constitution, and (b) the two-thirds approval by the qualified electors of the proposed area prescribed by Article VII, Section 2.

Section 6 of Act No. 35 of 1896 (which has now become Section 14-2) provides a method by which the citizens of any county may bring about a move of the "Court House" upon a petition and a two-thirds favorable vote in a referendum on the question of moving the courthouse to another location. This statutory authorization is in line with Article VII, Section 8, of the South Carolina Constitution prohibiting the removal of a county seat without a vote by two-thirds of the qualified electors of the county. Section 6 of Act No. 35 of 1896 is apparently the statutory procedure for carrying out the constitutional requirements of Section 8 of Article VII relating to the relocation of the county seat. Any doubt on this point is resolved by reference to the title of Act No. 35 of 1896 which expressly states that one of its purposes is to provide for the changing of "county seats"; and there is no provision of Act No. 35 of 1896 dealing with the relocation of county seats other than Section 6 dealing with the relocation of a "Court House." Thus the term "Court House" used in Section 6 of Act No. 35 of 1896 is synonymous with "county seat" (*Cf. Conek v. Skeen,* 109 Va. 6, 63 S. E. 11; *Matkin v. Marengo County,* 137 Ala. 155, 34 So. 171) ; and Section 6 does not deal with a relocation of a county courthouse

within the same county seat, but only with the relocation of the county seat to another city or town.

Moreover, even assuming for the sake of argument that Section 14-2 does apply in the case of relocating a courthouse within the same county seat, there would still be no objection to the proposed action of The County Board of Aiken County inasmuch as the method prescribed by Section 14-2 would not be an exclusive method of relocating a courthouse within the same county seat, but would provide the citizens of a county with a procedure by which they could bring about such relocation. The General Assembly still retains power to otherwise provide for the relocation of a courthouse within the county seat, there being no constitutional limitation in this regard.

Act No. 1426 of 1968 authorizes The County Board of Aiken County to relocate the Aiken County Courthouse within the City of Aiken upon the ratification of the constitutional amendment referred to in Section 2 thereof. That amendment was approved at the 1968 General Election and subsequently ratified by Act No. 8 enacted at the 1969 Session of the South Carolina General Assembly. Consequently, The County Board of Aiken County is now fully authorized to relocate the Aiken County Courthouse within the City of Aiken and to issue bonds pursuant to Act No. 1426 of 1968 for that purpose.

At the 1970 Session the General Assembly enacted Act No. 1319 which provides as follows:

"Notwithstanding any other law to the contrary, the present courthouse located in the City of Aiken, the county seat, may be moved within the City limits, or a new courthouse can be constructed in the City limits and the contents of the old courthouse moved to the new."

Plaintiff contends that Act No. 1319 of 1970 is unconstitutional special legislation, but there is no merit in that position. In the first place Act No.

1319 of 1970 is not necessary in order to authorize The County Board of Aiken County to relocate the Aiken County Courthouse in the City of Aiken pursuant to the authorization of Act No. 1426 of 1968. In any event, the prohibition against special legislation does not apply in the case of special legislation relating to the fiscal affairs of the county nor to special legislation dealing with local county government. *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316; *Mills Mill v. Hawkins,* 232 S. C. 515, 103 S. E. (2d) 14. In fact, Chapters 17 through 62 of Title 14, Volume 3, South Carolina Code of Laws, 1962, as amended, is for the most part nothing but special legislation dealing with the local affairs of each of the 46 counties of this State.

The Plaintiff alleges that The County Board of Aiken County is elected in violation of the "one man-one vote" rule as first set forth by the United States Supreme Court in *Reynolds v. Sims,* 377 U. S. 533, 84 S. Ct. 1362, 12 L. Ed. (2d) 506. The County Board of Aiken County concedes that the method of their election may, at least in some instances, violate the "one man-one vote" rule. Even if that be so, nevertheless, The County Board of Aiken County must continue to function, at least on a *de facto* basis, until a new Board can be elected in the manner prescribed by the Constitution; and the principle applicable here is set forth by the South Carolina Supreme Court in the case of *Green v. City of Rock Hill,* 149 S. C. 234, 147 S. E. 346, which involved an attempt to enjoin the issuance of bonds by the City of Rock Hill, as follows:

"If, however, they were unconstitutional, in that they infringe the constitutional provisions against special legislation, there can be no doubt that the organization thereunder of the municipal government of Rock Hill constituted the municipality a municipal corporation *de facto,* and the members of its City Council *de facto* officers of the corporation . . . under the well-settled rule, the validity

of the proceedings under which the municipal government of the city was established, or the acts of its *de facto* officers, cannot be attacked in this proceeding (citing cases)."

For the foregoing reasons, therefore, it is ordered, adjudged and decreed that the Defendants, The County Board of Aiken County, may proceed in accordance with the provisions of Act No. 1426 of 1968 to issue general obligation bonds thereunder, and use the proceeds thereof as authorized thereby, including the relocation of the Aiken County Courthouse within the City of Aiken.