20673

Raymond H. ROTON, Sheriff of Newberry County, Appellant, v. Arthur C. SPARKS, Chairman, and James L. Braswell, L. Bruce Wessinger, Charles L. Lake, David L. Wedaman, Cecil E. Kinard, John E. Seibert and George R. Summer, members of Newberry County Council, James D. Burwell, County Administrator, and the County of Newberry, Respondents.

(244 S. E. (2d) 214)

*Pope & Schumpert, Newberry, for appellant.*

*Blease, Griffith & Stone,* and *T. William Hunter,* Newberry, *for all respondents other than George R. Summer.*

May 2, 1978.

Lewis, Chief Justice:

The question to be decided is whether the detention area of the Newberry County Law Enforcement Complex is the county jail for Newberry County within the meaning of Sections 24-5-10 *et eq.,* 1976 Code of Laws, thereby giving the appellant, as sheriff, the authority to appoint the jailer to supervise the jail. This appeal is from a ruling by the lower court that the detention area of the Newberry County Law Enforcement Complex was not a jail within the meaning of the foregoing sections. In our opinion, the order of the lower court ignores the undisputed facts and the applicable law.

The authority of the sheriff to exercise authority over the county jail is found in Section 24-5-10, *supra,* wherein it is declared:

The sheriff shall have custody of the jail in his county and, if he appoint a jailer to keep it, the sheriff shall be liable for such jailer and the sheriff or jailer shall receive and safely keep in prison any person delivered or committed to either of them, according to law.

It is undisputed that the only county jail maintained by Newberry County is the detention area in the County Law Enforcement Complex, described in a stipulation as:

. . . an area to the rear of the building separated from the remainder of the building by a locked metal door containing cells for confinement of prisoners and persons in lawful custody, a kitchen for the preparation of the food for the prisoners and persons in custody and an eating area. The separated area also contains rooms used for interrogation, fumigation, and photographing the persons confined and for conferring with them.

The described area is a complete area provided by Newberry County for the detention of prisoners. It is *the county*

*jail* and becomes no less so because apparently designated as a "detention center" to remove its control from the county sheriff, where the statutes plainly place it.

The argument that the Home Rule Act, providing for county government, grants authority to remove custody of the county jail from the sheriff is without merit. The following plain provisions of Section 4-9-30.5 of the Home Rule Act, 1976 Code of Laws, leave the custody of the sheriff of the county jail unaffected:

... if any appropriation relative to police protection would result in reorganization or restructuring of a sheriff's department or, if any appropriation relative to police protection would limit the duties of the sheriff or provide for police protection duplicating the duties and functions presently being performed by a sheriff, it shall not take effect until the qualified electors of the county shall first approve the appropriation by referendum called by the governing body of the county; . . . .

In so far as this case is concerned, it is clear from the foregoing that the Newberry County Council lacks authority to deprive the sheriff of supervision over the county jail, since no referendum has been held.

The "detention center" maintained by Newberry County is the county jail within the meaning of Sections 24-5-10 of the 1976 Code of Laws, and is subject to the supervision of the sheriff. The judgment is therefore reversed and the cause remanded for entry of judgment accordingly.

RHODES and GREGORY, JJ., concur.

NESS and LITTLEJOHN, JJ., dissent.

GREGORY, Justice (concurring):

I agree with Mr. Chief Justice Lewis' opinion and offer the following additional ground for reversal.

Act No. 283 of the 1975 Acts of the General Assembly, the Home Rule Act, which was designed to effectuate the

mandate of Article VIII Section 7 of the South Carolina Constitution, did not transfer absolute authority over all matters of local concern to the counties.

The governing body of a county takes legislative action by ordinance. Section 4-9-130, 1976 Code of Laws of South Carolina. Section 4-9-30 delineates the scope of the counties' ordinance-making power and states in part:

. . . each county government within the authority granted by the Constitution and *subject to the general law of this State* shall have the following enumerated powers which shall be exercised by the respective governing bodies thereof: . . . (emphasis added)

While I do not doubt the counties possess the requisite authority to construct and operate a multi-purpose law enforcement facility that includes a jail within its physical structure, that authority is "subject to the general law of this State" which provides:

The sheriff shall have custody of the jail in his county . . . Section 24-5-10.

Section 24-5-10 has not been repealed by either specific legislative enactment or necessary implication, and cannot be repealed by a county ordinance. It should not be repealed by judicial fiat.

I would reverse.

NESS, Justice (dissenting):

The uncontroverted facts of this case, the antiquity of the original 1839 statute and the present day needs of society compel me to dissent.

This is a declaratory judgment action by the Sheriff of Newberry County against the County of Newberry, the County Administrator, and members of the County Council. The question presented is whether the detention area of a multi-purpose law enforcement facility is a "jail" within

the meaning of Sections 24-5-10, *et seq.,* Code of Laws of South Carolina (1976), thereby giving the county sheriff authority over the area.

I would affirm the order of the lower court dismissing the complaint. Simply because a sheriff places his prisoners in the detention center of such a complex does not transform it into a "jail" as contemplated by the above Code Sections.

The Newberry County Jail was demolished in 1972. The Newberry County Law Enforcement Complex, completed in 1975, is a multi-purpose facility containing the Sheriff's department, offices of the city police, the Newberry County Civil Defense, a communications center, a magistrate's office, and a courtroom. It also contains an area used for the detention of prisoners. This controversy arose when appellant, upon assuming office as Sheriff, appointed a jailer whom respondents refused to recognize.

The Sheriff asserts Code Sections 24-5-10, *et seq.,* give him custody of the jail of Newberry County; authorize him to appoint a jailer; and render him responsible for the safekeeping of any person delivered to the jail. Respondents' position is that the Newberry County Law Enforcement Complex is not a "jail," and the correctional officers are not "jailers" but are employees of the County Administrator.

The Code Sections relied on by appellant were enacted in 1839 to establish minimum standards for the keeping of a county jail. 1839, XI, 48, § 42. I would hold them inapplicable to a modern, multi-purpose facility such as the Newberry County Law Enforcement Complex.

I am unpersuaded by the Sheriff's claim that he would be held personally responsible for the safety of any person delivered to the detention center. Code Section 24-5-10 imposes liability on the Sheriff for his *appointed* jailer. My conclusion that the Sheriff is without authority to appoint a jailer for the Newberry County Law Enforcement Complex eliminates any potential liability on his part. Further-

more, the county council has agreed to indemnify the Sheriff for any damages he might sustain as a result of any misfeasance or malfeasance by an employee of the county administrator.

Code Sections 24-5-10, *et seq.,* should not be expanded to apply to modern county law enforcement complexes.

I would affirm.

LITTLEJOHN, J., concurs.