## 22582

Eugene B. GRAHAM, Respondent v. Paul CREEL, Chairman, Ulysses Dewitt, James Frazier, Lloyd Wright, Robert Gary Steele, David Canty, Robert F. Edge, Jr., Paul Prince, W. G. Hucks, Jr., Dewey Alton Duncan, William F. Brown, as members of the Horry County Council; M. L. Love, as Administrator of Horry County, and Gordon Harris, as Chief of Horry County Police, Appellants.

(345 S. E. (2d) 717)

Supreme Court

*John P. Henry,* of *Henry & Gwin,* Conway; and *Theodore B. Guerard,* of *McKay & Guerard,* Columbia, *for appellants.*

*James P. Stevens, Sr.,* and *Kaye Gorenflo Hearn,* of *Stevens, Stevens, Thomas, Hearn & Hearn, Loris, for respondent.*

Heard May 5, 1986.

Decided June 23, 1986.

HARWELL, Justice:

The lower court concluded that an ordinance passed by the Horry County Council was violative of the Home Rule Act and therefore granted respondent's motion for summary judgment. We reverse.

The Horry County Police Commission was created by the General Assembly in 1959. *See* § 53-551 S. C. Code Ann. (1962). Article VIII, § 7 of the South Carolina Constitution, which was ratified on March 7, 1973, prohibited the General Assembly from enacting "special legislation," or laws which affect only one county. It further required the General Assembly to provide for the structure and organization of not more than five alternative forms of county government. S. C. Const. Art. VIII, § 7. Due to this constitutional amendment, the General Assembly enacted Act No. 283 in 1975. 1975 S. C. Acts 692. This act is commonly referred to as the Home Rule Act and is codified at §§ 4-9-10 through 4-9-1230 S. C. Code Ann. (1976).

On March 18, 1976, Horry County adopted the council-administrator form of local government. On April 16, 1981, the Horry County Council passed Ordinance No. 5-81, which abolished, *inter alia,* the Horry County Police Commission and devolved its functions upon the Horry County Council and/or the Horry County Administrator. Horry County, S. C. Ordinance 5-81 (April 16, 1981). Respondent contended that the ordinance was a nullity because it violated the Home Rule Act. The lower court agreed and granted respondent's summary judgment motion.

This appeal turns upon a single question: Was § 53-551 S. C. Code Ann. (1962), which created the Horry County Police Commission, repealed by implication through the subsequent adoption of Act 283, popularly known as the Home Rule Act? Respondent contends that § 53-551 S. C. Code Ann. (1962)was overruled by the portion of § 3 of Act 283 which states:

> All operations, agencies and offices of county government, appropriations and laws related thereto in effect on the date the change in form becomes effective shall remain in full force and effect until otherwise implemented by ordinance of the council pursuant to this act. *Provided,* however, that county councils shall not enact ordinances in conflict with existing law relating to their respective counties and all such laws shall remain in full force and effect until repealed by the General Assembly, or until January 1, 1980, whichever time is sooner. ...

1975 S. C. Acts 692, 716-17.

Respondent contends that § 53-551 S. C. Code Ann. (1962), as a local law relating to a specific county, expires on January 1, 1980. Respondent goes on to claim that when the Horry County Police Commission was abolished as a matter of law on January 1, 1980, the legal authority to provide police protection passed to the sheriff, as the chief law enforcement officer of the county. No citation of authority is given by the respondent to support this conclusion. Ordinance 5-81, respondent contends, attempts to take this authority which passed to the sheriff's office, and pass it on to the Horry County Council and/or Horry County Administrator. Horry County, S. C. Ordinance 5-81 (April 16, 1981). Respondent notes that § 4-9-30(5) S. C. Code Ann. (1976) of the Home Rule Act requires a county-wide referendum to be called if any appropriation relative to police protection would restructure, limit, or duplicate the duties and functions of the sheriff. Respondent concludes that, since no referendum was held prior to the enactment of Ordinance 5-81, the ordinance violates the Home Rule Act and therefore is a nullity. Horry County, S. C., Ordinance 5-81 (April 16, 1981).

Appellants strenuously disagree with the respondent's interpretation of the relevant portion of § 3 of Act 283. 1975 S. C. Acts 692, 716-717. Appellants emphasize that the main provision states that "all operations, agencies and offices," in this case, the Horry County Police Commission, "shall remain in full force and effect until otherwise implemented by ordinance of the council pursuant to this Act." 1975 Acts 692, 716-717. The proviso following this main portion prohibits county councils from enacting ordinances in conflict with existing local laws until those existing laws are repealed by the General Assembly, or until January 1, 1980, whichever occurs sooner.

The General Assembly never repealed §§ 53-551 through 53-566 S. C. Code Ann. (1962). It was not until January 1, 1980, therefore, that the Horry County Council was no longer prohibited from enacting ordinances in conflict with those sections. The Horry County Council then had three options under the Home Rule Act with respect to the operation of the Horry County Police Commission: (1) let it continue as it was being operated when Home Rule became effective in Horry County in 1976; (2) abolish the Horry County Police Department and devolve its powers and functions upon the Horry County Sheriff, subject to approval by a county-wide referendum pursuant to § 4-9-30(6) S. C. Code Ann. (1976); or (3) otherwise provide by ordinance pursuant to its Home Rule powers. The Horry County Council chose to let the Commission continue from January 1, 1980 until April 16, 1981, when Ordinance 5-81 was passed pursuant to the Home Rule Act. We find that the appellants have correctly interpreted Subsection 3 of Act 283.

The Home Rule Act, while preventing the General Assembly from enacting "special legislation" and voiding any "special legislation" which contradicts the general law, does not operate retroactively to abolish all "special legislation" which was in effect in South Carolina prior to the enactment of the Home Rule Act.

Since § 53-551 S. C. Code Ann. (1962) was not in conflict with the general law, it remained in full force and effect until the Horry County Council enacted Ordinance 5-81 on April 16, 1981. On that date, the functions of the Horry County Police Commission devolved upon the

Horry County Council and/or the Horry County Administrator. Because the duties or functions of the sheriff's department were not affected in any manner, no county-wide referendum was required pursuant to § 4-9-30(5) S. C. Code Ann. (1976).

The respondent's argument that a referendum was required pursuant to § 4-9-30(6) S. C. Code Ann. (1976) lacks merit. That section, which requires a county-wide referendum only when a county government is attempting to abolish a county police system, is inapplicable in the present case.

Reversed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.