## 23873

Isaac W. BAKER, Steve Bilton, Richard Infinger, Donald Canaday, C.B. Fry, W. Duncan Horne, Willis L. Canaday, Herman Marchant, John W. Marchant, Appellants v. DORCHESTER COUNTY COUNCIL, Jacob A. Judy, Sr., Wayne Reeves, Kenneth Waggoner, C. William McElheny, Carl R. Sellers, Jr., Curtiss Russell, and Heyward G. Hutson, individually and as members of Dorchester County Council, Respondents.

(432 S.E. (2d) 468)

Supreme Court

---

*Nancy D. Hawk,* Charleston, *for appellants.*

*John G. Frampton,* Summerville, *for respondents.*

Submitted June 7, 1993.

Decided June 14, 1993.

*Per Curiam:*

Appellants brought this action seeking to enjoin the construction by the County of Dorchester of a judicial complex outside the county seat. The circuit court denied appellants' request. We affirm.

## FACTS

The county seat of Dorchester County is St. George. The circuit court as well as the offices of the clerk of court, county treasurer and sheriff are located in St. George. However, the county is in the process of building a judicial complex outside of St. George which will house the family court,[1] as well as

---

[1] The Dorchester County Family Court has been located in Summerville since the inception of the family court system.

satellite offices for the clerk of court, county treasurer and sheriff.

## ISSUES

1. Does the family court have to be located in the county seat?
2. May the clerk of court, county treasurer and sheriff maintain offices which are not located in the county seat?

## DISCUSSION

South Carolina Code Ann. § 4-1-20 (1986) provides for the procedure to be used when citizens of a county wish to relocate the county courthouse. Appellants maintain that this statute requires the county courthouse to be located in the county seat. *Cf. Morris v. Scott*, 258 S.C. 435, 189 S.E. (2d) 28 (1972). Based upon S.C. Code Ann. § 20-7-1460 (1985), which states that the territorial jurisdiction of the circuit court and family court are conterminous, appellants further maintain that the family court must also be located in the county seat.

We do not find it necessary to decide whether the circuit court must be located in the county seat in order to dispose of the issue at hand. South Carolina Code Ann. § 20-7-1490 (1985) states that "each county shall provide sufficient physical facilities for the operation of the statewide family court system *in that county.*" (Emphasis added.)

■ In interpreting a statute, our primary purpose is to ascertain the intent of the legislature. *Horn v. Davis Electric Constructors, Inc.*, — S.C. —, 416 S.E. (2d) 634 (1992). When a statute is plain and unambiguous, there is no room for construction and the terms of the statute must be given their literal meaning. *Citizens for Lee County, Inc. v. Lee County*, — S.C. —, 416 S.E. (2d) 641 (1992).

■ We find no ambiguity in the language of § 20-7-1490. The legislature did not restrict the location of the family court to the county courthouse or to the county seat. Accordingly, absent more specific instructions from the legislature, we decline to read into § 20-7-1490 a requirement that the family court be located in the county seat.[2]

---

[2]This does not mean, however, that a county has the unbridled discretion to place the family court anywhere in the county. The county is obligated to provide facilities which are adequate. A facility which is too isolated from a

■ Appellants also argue that, pursuant to S.C. Code Ann. § 4-1-80 (1986), the county should not be allowed to maintain offices for the clerk of court, county treasurer and sheriff at the new building outside the county seat.[3] Appellants do not contend that the main offices of these officials will be located at the new building. In fact, the main offices of the clerk of court, county treasurer and sheriff will remain in St. George.[4] The office of the clerk of court that will be located at the new building will handle family court matters and is necessary under § 20-7-1490. The offices of the county treasurer and sheriff that will be located at the new building are simply satellite offices for the convenience and protection of other residents of the county. We do not read § 4-1-80 to prohibit such satellite offices from being located outside of the county seat.

Affirmed.

majority of the county population is inadequate. In the present case, the planned location is readily accessible to a majority of the residents of the county.

[3]Section 4-1-80 states that the county shall furnish the clerk of court, county treasurer and sheriff with an office at the courthouse.

[4]The sheriff's offices are presently located in Summerville. Those offices will be moved to St. George in the near future when a new expanded facility is completed.