514 S.E.2d 122

John T. HENRY, Jr., Appellant,

v.

HORRY COUNTY, a Body Politic; Linda Angus, as Horry County Administrator; A. Joseph McNutt, Jr., as Chairman of the Horry County Council; Ray Skidmore, Jr., John Kost, Ray Brown, Chandler Brigham, Chandler C. Prosser, Terry Chambers, James R. Frazier, Liz Gilland, Ulysses DeWitt, Johnny Shelly and Janice G. Jordan, as Members of the Horry County Council; and Ralph Vaught, as Director of the Horry County Detention Center, Respondents.

No. 24911.

Supreme Court of South Carolina.

Heard Nov. 17, 1998.

Decided March 1, 1999.

James P. Stevens, Jr., of Stevens Law Firm, P.C., of Loris, for appellant.

Frances I. Cantwell and William B. Regan, of Regan and Cantwell, of Charleston, for respondents.

Joseph M. McCulloch, Jr., of Columbia, for respondents.

Stephanie P. McDonald and Sandra J. Senn, of Charleston, for Amicus Curiae.

TOAL, Justice:

This case is an appeal from an order denying custody of the Horry County Jail to the Horry County Sheriff. We find the Acts in question were unconstitutional when passed as special legislation because they were in direct conflict with the general law previously established in the state.

### FACTUAL/PROCEDURAL BACKGROUND

Horry County has two law enforcement agencies: the Horry County Sheriff and the Horry County Police Department. The Horry County Sheriff ("the Sheriff") instituted a declaratory judgment action against Horry County, the officials of Horry County Council, the Horry County Administrator, and the director of the Horry County Detention Center ("the County"). In that action, the Sheriff requested custody and control of the Horry County Detention Center ("the jail"). By

order dated August 26, 1997, the trial court denied the Sheriff's request for custody of the jail. The Sheriff appealed.

■ The issues before this Court on appeal are:[1]

1. Were the Acts granting the County custody of the jail in 1959 constitutional?

2. If the Acts were constitutional, did the enactment of Home Rule void the Acts as special legislation passed in conflict with the general law?

3. Did the lower court err in holding that in order to prevail in this action, the Sheriff had to prove that either the entire local act 21 Statutes at Large 1959 or the Horry County Ordinance 5–81 was invalid?

## LAW/ANALYSIS

■ Since the 1800s, the Sheriff has been a constitutional officer in South Carolina. *See* S.C. Const. art. V, § 24. By statute, for over 95 years, the general law regarding custody of South Carolina county jails has been:

*The sheriff shall have custody of the jail in his county* and, if he appoint a jailer to keep it, the sheriff shall be liable for such jailer and the sheriff or jailer shall receive and safely keep in prison any person delivered or committed to either of them, according to law.

S.C.Code.Ann. § 24–5–10 (1976) (emphasis added). In 1959, the General Assembly passed Act 21, a statute creating the Horry County Police Commission. Act 21 was codified as S.C.Code of Laws §§ 53–551 through 53–566 (1962). Sections 53–553 and 53–554 ("the Acts") devolved upon the Commission the exclusive jurisdiction of the Horry County jail. *See* 21

---

**1.** The County also challenges the Sheriffs standing. We find no merit to this contention. To have standing, one must be a real party in interest. *Glaze v. Grooms,* 324 S.C. 249, 478 S.E.2d 841 (1996). A "real party in interest" is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has a nominal or technical interest in the action. *Anchor Point, Inc. v. Shoals Sewer Co.,* 308 S.C. 422, 418 S.E.2d 546 (1992). The Sheriff in this matter has a personal stake in the issue before the Court because he has several statutory duties with regard to the prisoners of Horry County. *See* S.C.Code Ann. §§ 23–17–20 through –80 (1976). Furthermore, the Sheriff has an economic interest in the fees connected with the housing of prisoners.

Statutes at Large 1959; 1962 S.C.Code of Laws, Section 53–551, et seq.[2]

On March 18, 1976, Horry County adopted the council-administrator form of local government. On April 16, 1981, the Horry County Council passed Ordinance No. 5–81, which, inter alia, abolished the Horry County Police Commission and devolved its functions upon the Horry County Council and/or the Horry County Administrator. *See Graham v. Creel,* 289 S.C. 165, 345 S.E.2d 717 (1986).

Since 1905, the South Carolina Constitution has contained a restriction on the General Assembly enacting "special" laws that affect one county as opposed to "general" laws for the entire state.[3] Prior to March 1973, an exception to the restriction existed under S.C. Const. art. VII, § 11 for the structure of county governments. However, this exception to the general prohibition on special legislation had always been limited by the rule that such special legislation, even where permitted, could not conflict with the general law of the state. *See Hurst v. Sumter County,* 189 S.C. 376, 1 S.E.2d 238 (1939); *Craig v. Pickens,* 189 S.C. 164, 200 S.E. 825 (1939).

On February 17, 1959, the General Assembly passed the Acts taking custody of the jail away from the Sheriff. At that time, the constitutional prohibition against special legislation in S.C. Const. art. III, § 34(9), did not apply to every legislative act of the General Assembly concerning the structure of county government. "[T]he General Assembly may provide such system of township government as it shall think proper in any and all the Counties, and may make special provisions for municipal government and for the protection of chartered rights and powers of municipalities ...". S.C. Const. art. VII,

---

2. **Section 53–553. Powers of commission generally.**—The commission shall have exclusive jurisdiction of the jail.... (1959 (51) 18).

   **Section 53–554. Employment of jailer and other personal.**—The commission shall employ the jailer, assistant jailer, secretary and all other personnel necessary for the carrying out of the provisions of this article and for the orderly process of law enforcement and the upkeep and maintenance of the county jail. (1959 (51) 18).

3. This provision reads: "In all other cases, where a general law can be made applicable, no special law shall be enacted ..." S.C. Const. art. III, § 34(9).

§ 11.[4]   In interpreting this grant of power prior to Home Rule, this Court said: "Article 7, Sec. 11, has been repeatedly construed by this Court to give the General Assembly complete control over the government and other internal affairs of the Counties of the State." *Bynum v. Barron*, 227 S.C. 339, 88 S.E.2d 67 (1955) (citing *Reese v. Hinnant*, 187 S.C. 474, 198 S.E. 403 (1938)).   Prior to the enactment of Home Rule, this Court held "the prohibition against special legislation does not apply in the case of special legislation ... dealing with local county government." *Morris v. Scott*, 258 S.C. 435, 441, 189 S.E.2d 28, 31 (1972) (*citing Gaud v. Walker*, 214 S.C. 451, 53 S.E.2d 316 (1949)).   Under S.C. Const. art. VII, § 11, there is no question that in 1959 the General Assembly could pass special laws for the structure of county government.

However, in 1935, the people of South Carolina added a significant amendment to S.C. Const. art. III, § 34 that revealed the nature of the art.  VII, § 11 exception.   Prior to that amendment, the section read: "The General Assembly of this State shall not enact local or special laws concerning any of the following subjects or for any of the following purposes, to wit:  ... (9) In all other cases, where a general law can be made applicable, no special law shall be enacted."   Subsection (9) was amended in 1935 to include the phrase:

> *Provided,* That the General Assembly may enact local or special laws fixing the amount and manner of compensation to be paid to the County Officers of the several counties of the State, and may provide that the fees collected by any such officer, or officers, shall be paid into the treasury of the respective counties.

Prior to this amendment, the general law gave the duty to collect delinquent taxes to the sheriffs of the counties.   Under the general law, the General Assembly could not permissibly pass special legislation to take away such fees from the Sheriff.   Such action would have been unconstitutional as recognized by *Hurst v. Sumter County*, 189 S.C. 376, 1 S.E.2d 238 (1939).   In *Craig v. Pickens*, 189 S.C. 164, 200 S.E. 825 (1939), the Court upheld a statute that took away the sheriffs

---

4.  This constitutional provision was effectively repealed in 1973 by S.C. Const. art. VIII, § 7 (". . . No laws for a specific county shall be enacted and no county shall be exempted from the general laws or laws applicable to the selected alternative form of government.").

power to collect the delinquent taxes under the general law and gave this power to a delinquent tax collector. This special law was allowed by the specific provisions of the 1935 amendment to art. III. Furthermore, the case noted that "there is no statewide statute in South Carolina governing the salary of a sheriff." *Craig v. Pickens County*, 189 S.C. 164, 167, 200 S.E. 825, 826 (1939). This amendment and subsequent case law is significant because it reveals the General Assembly did not believe that it had the power to enact a special law taking the fees and taxes away from the county officers in contrast to the general law without a specific constitutional amendment providing such power.

There is no dispute that the General Assembly could enact special laws pursuant to art. VII, § 11 to construct and arrange county governments. As recognized by the cases following the 1935 amendment to art. III, § 34, this power was limited in its scope so as to not conflict with the general law of the state. The Sheriff contends that in 1959 the General Assembly violated the Constitution because there was a general law giving custody of the county jail to the sheriff of each county at the time the legislature passed the special legislation giving the Horry County jail to the Horry County Police Commission. We agree with the Sheriff that the Acts taking the custody of the Horry County jail away from the Sheriff were unconstitutional when passed as special legislation because they were in direct conflict with the general law.

■ The Acts in this case are special legislation passed in conflict with the general law of the state. A general law is one that applies to the entire State. *Town of Hilton Head Island v. Morris*, 324 S.C. 30, 484 S.E.2d 104, 107 (1997). Justice Gregory recognized in his *Roton v. Sparks* concurrence that the general law in South Carolina is S.C.Code Ann. § 24–5–10 (1976) that gives custody of the jail to the county sheriff. *Roton v. Sparks*, 270 S.C. 637, 640, 244 S.E.2d 214, 216 (1978) (J. Gregory, concurring) ("the general law of this State ... provides: The sheriff shall have custody of the jail in his county.").[5] The general law, both currently and in 1959 when

---

5. Both the County and the trial judge correctly note that *Roton v. Sparks*, 270 S.C. 637, 244 S.E.2d 214 (1978), is not dispositive of the

the General Assembly passed the Acts, has been that the sheriff of each county has the right to possession of the county jail.

In *Graham v. Creel,* 289 S.C. 165, 345 S.E.2d 717 (1986), this Court upheld the validity of Section 53–551 of 21 Statutes at Large 1959 that created the Horry County Police Commission as permissible special legislation passed prior to Home Rule. The Police Commission's validity was upheld against the argument that the passage of the constitutional amendment authorizing Home Rule repealed such special legislation. The General Assembly passed the Acts in the current case as part of the same legislation ruled upon in *Graham.* The court held:

> Since § 53–551 S.C.Code Ann. (1962) was *not in conflict with the general law,* it remained in full force and effect until the Horry County Council enacted Ordinance 5–81 on April 16, 1981. On that date, the functions of the Horry County Police Commission devolved upon the Horry County Council and/or the Horry County Administrator.

*Graham v. Creel,* 289 S.C. 165, 168–69, 345 S.E.2d 717, 719 (emphasis added). This Court found in *Graham* that the creation of the Horry County Police Commission in 1959 was within the power of the General Assembly under S.C. Const. art. VII, § 11. The *Graham* holding, however, did not address the Acts before the Court in this case and, by its own language, limited that decision to the issue of the validity of § 53–551 of 21 Statutes at Large 1959. *See Graham, supra.*

The Acts in question granting the custody of the jail to the County were unconstitutional when passed because they were special legislation in **direct** conflict with general law already established in the state by statute. The *Graham* decision found that it was permissible to set up the Horry County Police Commission. That opinion recognized that a police commission was not in direct conflict with a general law of the state. *Graham* did not address the transfer of the custody of

issue before this Court. *Roton* dealt with a county ordinance and not an act by the General Assembly.

the jail to the County. The direct conflict between the general statute granting custody of the jail to the Sheriff and the special legislation granting the jail to the County requires a finding that the special legislation was unconstitutional under S.C. Const. art. III, § 34(9).

We are aware that the Sheriff has not had custody of the Horry County jail since the Acts were passed in 1959. Mindful of the profound ramifications our decision may have on the public safety, we delay the effectiveness of this opinion until July 1, 1999, so that the General Assembly will have an opportunity to examine this case and other laws similarly situated to the Acts. This delay allows the legislature time to make any necessary adjustments in light of this decision.

## CONCLUSION

Since the Acts granting custody of the jail to the County were unconstitutional special legislation when passed in 1959, we REVERSE the order of the trial judge and grant the Sheriff's request for relief. Recognizing that this ruling will impact a settled system of jail management in Horry County that has existed for 40 years, we deem it appropriate to structure our ruling in such a way as to allow our General Assembly, the County government, and the citizens of Horry County some time to deal with the impact of our decision. It is therefore ordered that this decision shall become effective on July 1, 1999.[6]

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

**6.** Having found the Acts were unconstitutional when passed in 1959 as special legislation in direct conflict with the general law of the state, the other issues in this case need not be addressed.