THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Roger Wayne Hucks, Appellant,
 
 
 

v.

 
 
 
 County of Union, Respondent.
 
 
 

Appeal From Union County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-323
Heard August 23, 2006  Filed September 6, 2006

AFFIRMED

 
 
 
 Theo W. Mitchell, of Greenville, for Appellant.
 Andrew F. Lindemann and Robert D. Garfield, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  Appellant alleges he was injured in a traffic accident, and rather than being taken to a hospital, he was arrested by a Union County sheriffs deputy and incarcerated at the Union County Detention Center.  Appellant brought suit against Union County alleging various tort claims. The circuit court granted Union Countys motion to dismiss pursuant to Rule 12(b)(6), SCRCP, on the basis that the Union County sheriff and his deputies are not employees of Union County and that the detention center was under the control of the sheriff, not Union County. Appellant appeals from the dismissal of his complaint.  We affirm.
1.  The law is clear that sheriffs and deputy sheriffs are not employees of their respective counties. Sheriffs are constitutional officer[s] in South Carolina.  Henry v. Horry County, 334 S.C. 461, 463, 514 S.E.2d 122, 123 (1999).  The state, rather than the respective counties, has the potential power of control over sheriffs. Cone v. Nettles, 308 S.C. 109, 112, 417 S.E.2d 523, 525 (1992) (citing Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988)). The sheriff of each county is an elected office established by our state constitution.  S.C. Const. art. V, § 24; see also Wyatt v. Fowler, 326 S.C. 97, 101-102, 484 S.E.2d 590, 593 (1997) (noting deputies and sheriffs are state officials in the context of a 42 U.S.C. § 1983 action). The supreme court has long held that deputy sheriffs are not employees of the county. Heath v. County of Aiken, 295 S.C. 416, 419, 368 S.E. 2d 904, 906 (1988) (regarding county governments under section 4-9-30 of the South Carolina Code: legislature did not intend the term employees to include deputies.)  Thus, the Union County sheriff and his deputies are not employees of Union County. 
2. Appellant conceded before the circuit court that his first two causes of action could possibly be dismissed. Appellant pursued his final two claims for gross negligence against Union County.  These claims relate to Union Countys purported management and operation of the county detention center.  The detention center is under the custody of the sheriff, and the sheriff is liable for the safety of individuals confined there. The sheriff shall in all cases be answerable for neglect of duty or misconduct in office of any deputy.  S.C. Code Ann. § 23-13-10 (Supp. 2005).  According to section 24-5-10 of the South Carolina Code (Supp. 2005):

 The sheriff shall have custody of the jail in his county and, if he appoint a jailer to keep it, the sheriff shall be liable for such jailer and the sheriff or jailer shall receive and safely keep in prison any person delivered or committed to either of them, according to law. 

A detention center is a jail within the meaning of this statute. Roton v. Sparks, 270 S.C. 637, 639, 244 S.E.2d 214, 216 (1978).  There is nothing in the complaint (or anywhere in the record) to indicate that Union County is somehow responsible for the operation of the detention center. Accordingly, the order of the circuit court is 
AFFIRMED.
KITTREDGE, SHORT, and WILLIAMS, JJ., concur.