23640

Sandra CONE, as Conservator for Samantha Lucas, a minor, and Sandra Cone on her behalf, Appellant v. Randy Dean NETTLES, County of Lexington, Scottie Frier, individually and as Deputy Sheriff of Lexington County, City of Columbia, Bryan Collard, individually and as Police Officer of the City of Columbia, South Carolina, Law Enforcement Training Council, and South Carolina Criminal Justice Academy, Defendants, of whom Scottie Frier, individually and as Deputy Sheriff of Lexington County, and Bryan Collard, individually and as Police Officer of the City of Columbia, South Carolina, are Respondents.

(417 S.E. (2d) 523)

Supreme Court

*Daniel K. Felker* and *David M. Ratchford* of *Ratchford* and *Associates,* Columbia, *for appellant.*

*William H. Davidson* and *Andrew F. Lindemann* of *Nauful & Ellis,* Columbia, *for respondent Frier.*

*Robert G. Cooper* and *Roy D. Bates,* Columbia, *for respondent Collard.*

Heard March 24, 1992.

Decided April 27, 1992.

CHANDLER, Justice:

On appeal is an order granting Respondents' motions for summary judgment. We affirm.

## FACTS

On March 28, 1989, at 11:30 p.m., Appellant Samantha Lucas (Lucas), age 16, was a passenger on a motorcycle driven by Randy Nettles (Nettles), age 18. Respondent Scottie Frier (Deputy Frier), a sheriff's deputy for Lexington County, observed the couple traveling down Broad River Road in Lexington County at approximately 80 to 85 m.p.h. He also noticed that the driver and passenger looked young and neither was wearing helmets.[1]

When Deputy Frier attempted to stop the motorcycle with siren and blue light, it failed to stop and picked up speed. Deputy Frier pursued the motorcycle into the City of

---

[1] S.C. Code Ann. § 56-5-3660 (1991) requires motorcycle operators and passengers under the age of 21 to wear helmets.

Columbia.[2] There, Bryan Collard (Officer Collard), a Columbia police officer, joined the chase. Nettles continued fleeing, speeding at a rate of 100 m.p.h. When he attempted to enter a ramp onto I-20, he lost control and went down an embankment, crashing into a fence. Lucas was seriously injured.

In their lawsuit, Lucas and her mother, Appellant Sandra Cone, allege that Deputy Frier and Officer Collard, in both their official and individual capacities, (1) negligently operated their police vehicles, and (2) violated Lucas' constitutional rights under 42 U.S.C. § 1983.

Deputy Frier and Officer Collard were granted summary judgment. Lucas and Cone appeal only that part of the trial judge's order dismissing the § 1983 claims.

## ISSUES

(1) Is Deputy Frier a state official and, therefore, not within 42 U.S.C. § 1983?

(2) Did Officer Collard's action constitute a "seizure" of Lucas in contravention of 42 U.S.C. § 1983?

(3) Are Deputy Frier or Officer Collard liable in their individual capacities?

## DISCUSSION

### A. *Deputy Sheriff's Liability Under § 1983*

Deputy Frier contended, and the trial court found, that a cause of action against a sheriff or sheriff's deputy cannot be maintained under 42 U.S.C. § 1983.[3] We agree.

In *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. (2d) 45 (1989), the United States Supreme Court held that neither the state, nor a state official acting in

---

[2] Deputy sheriffs have jurisdiction to arrest in their own county and adjoining counties. S.C. Code Ann. § 23-13-60 (1989).

[3] 42 U.S.C.A. § 1983 states, in part:

*Civil action for deprivation of rights*

Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis supplied.)

an official capacity, are "persons" within § 1983. *See also Manning v. S.C. Dept. of Highways,* 914 F. (2d) 44 (4th Cir. 1990) (South Carolina Dept. of Highways and Public Transportation and its officials not "persons" under § 1983).

Therefore, the threshold issue here is whether sheriffs and deputies are state officials. We hold they are.

We find relevant and persuasive the Federal District Court's decision in *Gulledge v. Smart,* 691 F. Supp. 947 (D.C.S.C. 1988), *aff'd* 878 F. (2d) 379 (4th Cir. 1989). In *Gulledge* the court concluded that in South Carolina sheriffs and deputies are state, not county, officials, noting that:

(1) the South Carolina constitution establishes the office of sheriff and the term of office. S.C. Const. art. V, § 24;
(2) the duties and compensation of sheriffs and deputies are set forth by the General Assembly;
(3) their arrest powers are related to state offenses; and
(4) the Governor of South Carolina has the authority to remove a sheriff for misconduct and fill the vacancy.

Based upon these factors, the court found that the State has the "potential power of control" over the office of sheriff, qualifying the sheriff as a state official. Moreover, a deputy, as an agent of the sheriff, is also "more closely connected to the state than to the county," hence, a state official. 691 F. Supp. at 955.

Further, in *Heath v. County of Aiken,* 295 S.C. 416, 368 S.E. (2d) 904 (1988), this Court held that deputies are not employees of the county and, accordingly, not covered by county personnel policy and procedure.

Given this authority, we hold that Deputy Frier is a state official and, pursuant to *Will, supra,* is not liable in his official capacity for monetary damages under 42 U.S.C. § 1983.

### B. *Collard's Liability Under § 1983*

Officer Collard, in his official capacity as a City of Columbia police officer, is a "person" within 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. (2d) 611 (1978) (city officials are "persons" within § 1983). Pursuant to § 1983, Lucas claims that Officer Collard's actions constituted an unreasonable "seizure" in violation of her fourth and fourteenth amendment rights.

We disagree, finding no seizure under the facts here.

A seizure occurs when an officer, by physical force or show of authority, restrains an individual's freedom of movement. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. (2d) 889 (1968). However, a seizure does not occur by a police officer's mere pursuit of a fleeing suspect, absent physical force. *California v. Hodari D.*, 499 U.S. —, 111 S. Ct. 1547, 113 L. Ed. (2d) 690 (1991) (cocaine abandoned by fleeing suspect not fruit of unlawful seizure). Nor does a seizure occur when the termination of an individual's freedom of movement is not caused by an intentional government act. *Brower v. County of Inyo*, 489 U.S. 593, 109 S. Ct. 1378, 103 L. Ed. (2d) 628 (1989) (seizure occurred when police set up road block into which fleeing suspect crashed; case remanded to determine whether seizure was reasonable).

In *Patterson v. City of Joplin*, 878 F. (2d) 262 (8th Cir. 1989), the United States Court of Appeals, citing *Brower*, *supra*, held that a motorcycle passenger was not seized during a police chase of the motorcycle, "where the pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit." 878 F. (2d) at 263 (*quoting Brower, supra*, 109 S. Ct. at 1381).

Here, since the motorcycle did not respond to the blue lights and sirens, the officers' show of authority did not constitute a seizure. *California v. Hodari D., supra.* Moreover, the subsequent crash of the motorcycle was caused by its own actions and not that of the police vehicles[4] or of any intentional force by the police. *Patterson v. City of Joplin, supra.* Accordingly, we find no seizure and, hence, no § 1983 violation.

### C. *Liability in Individual Capacity*

As an additional sustaining ground, Deputy Frier contends that under 42 U.S.C. § 1983 he is also not liable in his individual capacity. We agree.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. (2d) 396 (1982), the United States Supreme Court held that "government officials performing discretionary functions

---

[4] In fact, Officer Collard testified that he had discontinued pursuit when the motorcycle left the city limits and entered Richland County, prior to the crash.

generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818, 102 S. Ct. at 2738, 73 L. Ed. (2d) at 410.

Here, the complaint alleged that Deputy Frier was acting within the course and scope of his employment. Since we find no seizure, his conduct did not violate any constitutional rights of Lucas; therefore, under *Harlow*, he is shielded from liability in his individual capacity.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.