484 S.E.2d 590

**James WYATT, Respondent/Appellant,**

**v.**

**William FOWLER, Johnny Sain, and Robert Wooten, deputies of Spartanburg County Sheriffs Office, individually and in their official capacities, and William H. Coffey, Sheriff of Spartanburg County, Defendants,**

**of who William H. Coffey, Sheriff of Spartanburg County, is Appellant/Respondent.**

**No. 24606.**

Supreme Court of South Carolina.

Heard Feb. 4, 1997.

Decided April 21, 1997.

98

W. Howard Boyd, Jr., and Ronald K. Wray, II, both of Gibbes, Gallivan, White & Boyd, P.A., of Greenville, for appellant/respondent.

Daniel D. D'Agostino, of Melvin L. Roberts & Associates, of York; and Wade S. Weatherford, III, of Gaffney, for respondent/appellant.

MOORE, Justice.

Respondent/appellant (Wyatt) commenced this action against defendants alleging he was damaged as the result of an unreasonable search and seizure. The jury returned a verdict against appellant/respondent (Sheriff). Sheriff appeals. Wyatt cross-appeals the granting of a directed verdict for claims under 42 U.S.C. § 1983. We affirm in part and reverse in part.

## FACTS

Wyatt originally brought this action against Sheriff and three deputies. Two of the deputies, Johnny Sain[1] and William Fowler, entered Wyatt's house while he was asleep at 5:30 p.m. in an attempt to execute an arrest warrant against Allen Parrish. Wyatt heard the deputies and armed himself with a pistol because he thought someone was breaking into his house. Deputy Sain identified himself upon entering the house and drew his weapon when he heard a clicking noise coming from the bedroom. After the deputies again identified themselves, Wyatt came out of the bedroom and produced identification establishing he was not Parrish. The deputies then left. The entire incident lasted eight minutes. Two days earlier, another deputy, Robert Wooten, had stopped at

---

1. Sain was never personally served and the trial judge dismissed him.

▮▮▮▮▮▮▮▮▮▮▮

Wyatt's house and asked for Parrish. Wyatt showed him his identification and told Wooten that Parrish's parents lived around the corner. Wooten did not tell anyone at the sheriff's department about this incident.

In his complaint, Wyatt alleged a state law negligence cause of action and § 1983 civil rights violations claims against the deputies and Sheriff, individually and in their official capacities.[2] Wyatt alleged he suffered humiliation, pain, mental suffering, and anguish. He experienced insomnia for two weeks after the incident and was prescribed sleeping pills ten days after the incident.

The trial judge granted the deputies directed verdict motions on the state law cause of action and the § 1983 cause of action. The trial judge also granted a directed verdict on the § 1983 cause of action against Sheriff. The only cause of action submitted to the jury was a state law negligence cause of action for an unreasonable search and seizure against Sheriff. The jury returned a verdict of $16,000.00 for Wyatt. Sheriff moved for a judgment notwithstanding the verdict (JNOV), new trial, or new trial nisi. The trial judge denied these motions.

## ISSUES

1) Did the trial judge err in denying Sheriffs JNOV motion?
2) Did the trial judge err in granting one of the deputies a directed verdict on the § 1983 claim?
3) Did the trial court err in granting Sheriff a directed verdict on the § 1983 claim?

## DISCUSSION

1) JNOV motion

▮▮▮ Sheriff contends the trial judge should have granted him a JNOV on the state law negligence cause of action on the

---

**2.** 42 U.S.C. § 1983 states, in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

ground Wyatt did not establish Sheriff owed him a legal duty. We agree.

An essential element in a negligence cause of action is the existence of a legal duty owed by the defendant to the plaintiff. Without such a duty, there can be no actionable negligence. *Rogers v. Department of Parole & Comm. Corrections*, 320 S.C. 253, 464 S.E.2d 330 (1995). Generally, there is no common law duty to act. An affirmative legal duty, however, may be created by statute, contract, status, property interest, or some other special circumstance. *Jensen v. Anderson County Dept. of Social Services*, 304 S.C. 195, 403 S.E.2d 615 (1991). While South Carolina does not have a case on point, other jurisdictions have held the police owe a duty to the public at large and not to any individual. *See e.g. Flones v. Dalman*, 199 Mich.App. 396, 502 N.W.2d 725 (1993); *Wimer v. State*, 122 Idaho 923, 841 P.2d 453 (App.1992). More specifically, the state does not owe its citizens a duty of care to proceed without error when it brings legal action against them. *Stephens v. State Dept. of Revenue*, 746 P.2d 908, 910 (Alaska 1987). We agree with these jurisdictions and hold Sheriff did not owe Wyatt a duty. Therefore, the trial judge erred in not granting Sheriff a JNOV.

2) Directed verdict for Deputy Fowler on § 1983 claim

Wyatt sued the deputies in their official capacities and individually for the § 1983 claims. The trial judge directed a verdict for the deputies, individually and in their official capacities, on the § 1983 action. Wyatt contends the trial judge erred in dismissing the § 1983 claim against Deputy Fowler.

Section 1983 allows for a civil action to recover damages for deprivation of a constitutionally protected right. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the United States Supreme Court held that neither the state, nor a state official acting in an official capacity, are "persons" within § 1983. *See also Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523 (1992). In *Cone*, we specifically held deputies and sheriffs are state officials and therefore not liable in their official capacity under § 1983.

Thus, the trial judge correctly directed verdicts as to the § 1983 claim against the deputies in their official capacities.

■ However, in *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United State Supreme Court held state officials sued in their individual capacities are "persons" for purposes of § 1983. Accordingly, the trial judge erred in directing a verdict on the § 1983 claim against Deputy Fowler in his individual capacity.

3) Directed verdict for Sheriff on § 1983 claim

■ Wyatt contends the trial judge erred in directing a verdict in favor of Sheriff on the § 1983 cause of action. We disagree. As stated above, a sheriff is not liable in his official capacity under § 1983. *Will, supra. See also Cone, supra.*

■ Wyatt contends Sheriff's individual liability rests on S.C.Code Ann. § 23–13–10 (1989). This section provides for the appointment and responsibility of the sheriffs and their deputies. The last sentence states: "The sheriff shall in all cases be answerable for neglect of duty or misconduct in office of any deputy." Wyatt contends this state statute renders Sheriff vicariously liable under § 1983. We disagree.

Wyatt relies upon *Scott v. Vandiver,* 476 F.2d 238 (4th Cir.1973). However, this case and other cases which have held a state law may render an official vicariously liable under § 1983 have been either criticized or overruled. Furthermore, the United States Supreme Court effectively overruled it in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In *Monell* the Supreme Court rejected vicarious liability as a theory of recovery under § 1983. *See Westmoreland v. Brown,* 883 F.Supp. 67 (E.D.Va.1995)(declined to apply holding in *Scott* and held official cannot be held vicariously liable for § 1983 action); *McDonald v. Dunning,* 760 F.Supp. 1156 (E.D.Va.1991)(questioning *Scott* and holding state law cannot render a person vicariously liable under § 1983). In fact, since *Scott* was decided in 1973, the Fourth Circuit has rejected vicarious liability as a theory of recovery under § 1983. *Strickler v. Waters,* 989 F.2d 1375 (4th Cir.1993); *Revene v. Charles County Comm'rs,* 882 F.2d 870 (4th Cir.1989); *Fisher v.*

*Washington Metro. Area Transit Authority,* 690 F.2d 1133 (4th Cir.1982).

Accordingly, we hold this issue is without merit.

We affirm the trial judge's grant of directed verdict for the § 1983 cause of action against Sheriff, in his individual and official capacities, and the deputies, in their official capacities. We reverse the trial judge's denial of Sheriff s motion for JNOV and the trial judge's grant of a directed verdict for the § 1983 cause of action against Deputy Fowler, in his individual capacity.

**AFFIRMED IN PART AND REVERSED IN PART.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.