**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEVEN H. WALL, personal
representative of the estate of
Edward Joseph Alva,
<u>Plaintiff-Appellant,</u>

and

AMBER JEAN ALVA, a minor, by and
through Steven H. Wall, personal
representative of the estate of
Edward Joseph Alva; ASHLEY MARIE
ALVA, a minor, by and through

Steven H. Wall, personal
representative of the estate of
Edward Joseph Alva,
<u>Plaintiffs,</u>

v.

ALLEN SLOAN, Richland County
Sheriff, in his individual capacity
and in his official capacity as
Richland County Sheriff,
<u>Defendant-Appellee.</u>

No. 96-2461

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CA-95-3993-3)

Submitted: January 6, 1998

Decided: February 11, 1998

Before HALL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rolf M. Baghdady, Columbia, South Carolina, for Appellant. William H. Davidson, II, Andrew F. Lindemann, ELLIS, LAWHORNE, DAVIDSON, & SIMS, P.A., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven H. Wall, as personal representative of the estate of Edward Joseph Alva and on behalf of Alva's minor children, filed suit pursuant to 42 U.S.C. § 1983 (1994), against Allen Sloan, Richland County Sheriff, in his official and individual capacity. Wall appeals the district court's order granting Sloan's motion to dismiss on the grounds that Sloan is entitled to immunity in his official capacity as a state official and that Wall failed to state a cognizable claim against Sloan in his individual capacity. We affirm.

The decedent, Edward Alva, was employed by Sloan as a deputy sheriff. In the course of this employment in December 1992, Alva and another deputy sheriff, Lonnie Rolls, responded to a domestic dispute. A struggle ensued with the perpetrator, during which the perpetrator seized Alva's gun. Alva ordered Rolls to shoot the perpetrator. Instead, Rolls struck the perpetrator over the head with a gun which fired a bullet into Alva's head, killing him instantly. Wall alleges that Rolls violated department regulations by failing to follow a trained officer's direct orders and that Sloan failed to require that Rolls be properly trained before sending him on patrol. Wall claims that as a

2

result Alva was killed in violation of Alva's Fourth and Fourteenth Amendment rights.

The Eleventh Amendment prohibits an action for damages in federal court against a public official in his official capacity if the official is deemed to be an agent of the state. See McConnell v. Adams, 829 F.2d 1319, 1328-29 (4th Cir. 1987). The "largely, if not wholly, dispositive" factor in determining whether an entity is an arm of the state is the state treasury's liability for judgment. See Gray v. Laws, 51 F.3d 426, 433 (4th Cir. 1995). But if it is not clear from the record the extent of the state treasury's liability with respect to judgment, such as in this case, courts must consider other factors such as the state's sovereignty in the federal system and the extent of the state's control over the entity claiming immunity. See id. at 434; Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996); see also Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994). The analysis of these factors has been conducted in previous cases to determine whether South Carolina sheriffs are entitled to Eleventh Amendment protection. Under that analysis, we agree that a South Carolina sheriff such as Sloan is a state official and therefore is not subject to suit for monetary damages in his official capacity. See Cromer, 88 F.3d at 1332; Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988), aff'd, 878 F.2d 379 (4th Cir. 1989); Cone v. Nettles, 417 S.E.2d 523, 524-25 (S.C. 1992).

Wall primarily contends on appeal that because he seeks monetary relief from the county rather than the state, Sloan should not be entitled to Eleventh Amendment immunity. We find this claim unavailing. While the extent of the state treasury's liability is the main consideration in determining immunity, a party cannot file suit under § 1983 and specifically seek money from the county and not the state in an effort to circumvent an official's entitlement to Eleventh Amendment protection. An individual who brings a § 1983 action under these circumstances cannot choose which entity will satisfy any resulting judgment. Accordingly, the district court properly concluded that Sloan is a state official entitled to immunity in his official capacity.

Wall also maintains that Sloan is liable under § 1983 in his individual capacity. State officials are considered "persons" within the mean-

3

ing of § 1983 when sued in their individual capacities and as such may be held personally liable for damages under § 1983 for official actions. See Hafer v. Melo, 502 U.S. 21, 31 (1991). An official performing discretionary functions, however, generally is shielded from liability for civil damages if his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Ruling on a defense of qualified immunity requires (1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the officer's position would have known that doing what he did would violate that right. Pritchett v. Alford , 973 F.2d 307, 312 (4th Cir. 1992).

In the complaint, Wall alleges that Alva was deprived of his "rights under the Fourth and Fourteenth Amendments to be secure in his person and to be free from the use of deadly force." The district court construed Wall's claim to allege a violation of only Alva's Fourth Amendment right against unreasonable seizures. Alva does not challenge that construction in his opening brief. We consequently confine our review to the question of whether Alva stated a Fourth Amendment violation. See Hunt v. Nuth, 57 F.3d 1327, 1338 (4th Cir. 1995), cert. denied, 64 U.S.L.W. 3466 (U.S. Jan. 8, 1996) (No. 95-6509). Unintended consequences of government action cannot form the basis of a Fourth Amendment violation because "seizure" within the meaning of the Fourth Amendment implies a willful and knowing act. See Brower v. County of Inyo, 489 U.S. 593, 596 (1989). The Fourth Amendment addresses misuse of power, not the accidental effects of otherwise lawful conduct. Id.

In this case, Rolls, in accordance with his duties as deputy sheriff, intended to restrain the perpetrator by hitting him over the head with the gun. He did not intend to hit Alva on the head or to shoot Alva or the perpetrator. While Alva's death was tragic, Rolls's conduct did not violate the Fourth Amendment. Because there is no underlying constitutional infraction, the district court properly dismissed the case against Sloan in his individual capacity.

Accordingly, we affirm the district court's order dismissing all claims against Sloan. We dispense with oral argument because the

4

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5