THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Shirley Jones, as Personal Representative of the Estate of Christopher 
 Maurice Jones, Deceased,        Appellant,
 
 
 

v.

 
 
 
Denmark Police Department,       
Respondent.
 
 
 

Appeal From Bamberg County
Rodney A. Peeples, Circuit Court Judge

Unpublished Opinion No. 2003-UP-437
Submitted April 18, 2003  Filed June 25, 2003 

AFFIRMED

 
 
 
Jeffrey Scott Holcombe, of Orangeburg, for Appellant.
Marvin C. Jones and M. Wayne Cockrell, III, both of Walterboro, 
 for Respondent.
 
 
 

PER CURIAM: Shirley Jones, personal representative 
 of the estate of Christopher Maurice Jones, brought this action seeking damages 
 from the Denmark Police Department (Department) relating to the death of her 
 son.  The trial court granted the Departments motion for summary judgment.  
 Jones appeals.    We affirm.   
I. FACTS AND PROCEDURAL HISTORY                  
On June 26, 1999, Christopher Jones and his girlfriend, 
 Kenyatta White, had a physical altercation.  Sometime after the altercation, 
 Kenyatta spoke with Officer Ronald Carnegie and informed him that Christopher 
 had assaulted her and she wished to press charges against him.   While Kenyatta 
 and Carnegie were speaking, Kenyatta noticed Christopher walking in the Piggly 
 Wiggly across the street.  Kenyatta and Carnegie crossed the street to speak 
 with Christopher.  Christopher informed the officer that Kenyatta and he had 
 gotten into a fight earlier that evening and that Kenyatta had hit him in the 
 head with a bottle.  The officer observed that Kenyatta had some blood on her 
 hand and that Christopher had a slight bump on his head.  The officer informed 
 the parties that since they both were alleging that the other had assaulted 
 them, he would have to arrest both parties if they wished to press charges.  
 Kenyatta and Christopher both indicated that they did not wish to press charges 
 against each other.  
The officer observed that both Kenyatta and Christopher 
 appeared to have been drinking.  The officer noted in his report that Christophers 
 speech was somewhat slurred and that he staggered when he walked.   The officer 
 told Kenyatta and Christopher to go their separate ways, and the officer observed 
 Christopher leaving first and Kenyatta leaving a short while later.  Sometime 
 later that evening Christopher was struck by a train.  
Shirley Jones brought an action as the personal 
 representative of Christophers estate, seeking damages based on wrongful death 
 and a survival action.  Following a hearing, the trial judge granted summary 
 judgment to the Department finding the public duty doctrine negated Joness 
 causes of action.   This appeal followed.       
II.  LAW/ANALYSIS   
Jones argues that the trial court erred in granting 
 summary judgment to the Department.  Jones contends that her claims are not 
 barred by the public duty doctrine, arguing the trial court erred in finding 
 that no duty of care was owed to Christopher.  Jones further argues the trial 
 court erred in finding no duty was created by the actions taken by Officer Carnegie.  

 
 Summary judgment is appropriate when there is no genuine 
 issue as to any material fact and the moving party is entitled to judgment 
 as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 
 857, 860 (2002).  When determining whether any triable issue of fact exists, 
 the evidence and all inferences, which can reasonably be drawn from it, must 
 be viewed in the light most favorable to the nonmoving party.  Faile 
 v. S.C. Dept of Juvenile Justice, 350 S.C. 315, 324, 566 S.E.2d 536, 
 540 (2002).  If triable issues exist, those issues must be submitted 
 to the jury.  Young v. S.C. Dept of Corrections, 333 S.C. 714, 
 718, 511 S.E.2d 413, 415 (Ct. App. 1999).  Even where no dispute as to evidentiary 
 facts exists, but only as to the conclusions or inferences to be drawn from 
 them, summary judgment should not be granted.  Hall v. Fedor, 
 349 S.C. 169, 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002).  

To prevail in a negligence action, a plaintiff must 
 demonstrate:  (1) a duty of care owed by the defendant to the plaintiff;  (2) 
 a breach of that duty by a negligent act or omission; and (3) damage proximately 
 resulting from the breach.  Tanner v. Florence Co. Treasurer, 
 336 S.C. 552, 562, 521 S.E.2d 153, 158 (1999).  An essential element in a negligence 
 cause of action is the existence of a legal duty of care owed by the defendant 
 to the plaintiff.   Wyatt v. Fowler, 326 S.C. 97, 101, 484 S.E.2d 590, 
 592 (1997).  Without such a duty, there can be no actionable negligence.  Rogers 
 v. South Carolina Dept of Parole and Cmty. Corrs., 320 S.C. 253, 255, 464 
 S.E.2d 330, 332 (1995).   The court must determine, as a matter of law, whether 
 the law recognizes a particular duty.   Steinke v. South Carolina Dept of 
 Labor, Licensing and Regulation, 336 S.C. 373, 387, 520 S.E.2d 142, 149 
 (1999).    
Under South Carolinas public duty doctrine, an action for 
 negligence based upon an alleged violation of a statute cannot be maintained 
 if the statute was enacted for a purpose other than preventing the injury of 
 which complaint is made.   Arthurs v. Aiken Co., 338 S.C. 253, 262, 525 
 S.E.2d 542, 547 (Ct. App. 1999).  An exception to the general rule of non-liability 
 exists when a duty is owed to specific individuals rather than the public only.  
 Id at 264, 525 S.E.2d at 548.  An affirmative legal duty may be created 
 by statute, contract relationship, status, property interest, or some other 
 special circumstance.  Jensen v. Anderson County Dept of Soc. Servs., 304 
 S.C. 195, 199, 403 S.E.2d 615, 617 (1991). 
 A police officer, acting in his or her official 
 capacity, owes a duty to the public at large rather than to any particular individual.  
 Wyatt, supra.  To determine if a police officer is under a special 
 duty to an individual, the court looks to the statute and the facts of the particular 
 case.  A plaintiff may prevail against a public duty defense if the statute 
 not only concerns the duties of a public office, but also has the essential 
 purpose of protecting identifiable individuals from a particular kind of harm. 
  In such cases, the statute creates a special duty which may give rise to a 
 negligence suit against an officer for failure to perform his duties properly.  
 See Rayfield v. S.C. Dept of Corrs., 297 S.C. 95, 106, 374 S.E.2d 
 910, 916. The burden is on the Plaintiff to establish that her decedent was 
 owed a duty of care.  Id.
Initially, Jones contends that the Denmark police owed a duty of care 
 to Christopher pursuant to Denmark ordinance, sec. 9-2-3, which addresses disorderly 
 conduct and drunkenness.  The ordinance provides that:

It shall be unlawful for any person to engage in riotous or disorderly 
 conduct of any kind, or be in a state of intoxication or drunkenness in or on 
 any of the streets and thoroughfares of the city, or in any of the churches, 
 public halls, theaters, or any place where the citizens lawfully assemble, within 
 the corporate limits of the city.  

Jones argues the Denmark ordinance contemplates the particular kind 
 of harm suffered by Christopher in this case, and Carnegie, as a police officer, 
 had a duty to enforce this ordinance.  Therefore, Jones contends, the Department, 
 and more specifically Officer Carnegie, owed a special or private duty to Christopher.  

We agree with the trial court that Jones failed 
 to establish that the Denmark ordinance mandated an arrest or created a duty 
 of care to an individual rather than to the public at large.  A clear reading 
 of the Denmark ordinance shows that the ordinance was created to protect the 
 public from exposure to drunken behavior, not to protect the drunken individual 
 from injuries to himself.  
Jones alternatively argues that if no duty was 
 created under the ordinance, that Officer Carnegie, by his action of talking 
 with Kenyatta and Christopher, undertook a duty to Christopher, and that by 
 failing to take Christopher into custody, Carnegie breached that duty.  Jones 
 cites Russell v. City of Columbia, 305 S.C. 86, 406 S.E.2d 338 (1991), 
 for the proposition that once a police officer takes control of a situation 
 and preempts individuals already attempting to aid an obviously injured and 
 intoxicated decedent, the officer incurred a duty to follow through and finish 
 what was begun.  
We find that Russell is not applicable 
 to this case.  We agree with the trial court that Jones has failed to present 
 any evidence of an undertaking by the officer.  In addition, this case is distinguishable 
 from Russell in that there is no evidence that Christopher was severely 
 injured, or that any individual was prevented from offering him aid. 
III. CONCLUSION
Based on the foregoing, the trial judges 
 decision to grant the Departments motion for summary judgment is
AFFIRMED.
CURETON, ANDERSON and HUFF, JJ., concur.