**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Brandon W. Hodge, Appellant,

v.

Sumter County, Respondent.

Appellate Case No. 2013-001845

Appeal From Sumter County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2015-UP-395
Submitted July 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Gary Lane Cartee, of North Charleston, for Appellant.

James Miller Davis, Jr., and Andrew F. Lindemann, both of Davidson & Lindemann, P.A., of Columbia, for Respondent.

**PER CURIAM:** Brandon Hodge appeals the circuit court's order dismissing his negligence action against Sumter County (the County). He argues the circuit court erred in (1) dismissing the case pursuant to Rule 12(b)(6), SCRCP, without additional development of the facts; (2) holding South Carolina has clearly

established that sheriff's deputies are not county officials under the South Carolina Tort Claims Act[1] (the Act); and (3) ruling on the County's motion to dismiss without first hearing and ruling on Hodge's motion to substitute parties. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *HHHunt Corp. v. Town of Lexington*, 389 S.C. 623, 631, 699 S.E.2d 699, 703 (Ct. App. 2010) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the [circuit] court."); *id*. at 631-32, 699 S.E.2d at 703 ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the [circuit] court must base its ruling solely on allegations set forth in the complaint."); *id.* at 632, 699 S.E.2d at 703 ("In deciding whether the [circuit] court properly granted the motion to dismiss, the appellate court must consider whether the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, state any valid claim for relief."); *id.* ("The [circuit] court and this [c]ourt on appeal must presume all well pled facts to be true." (internal quotation marks omitted)); *id.* at 635, 699 S.E.2d at 705 ("However, on a [Rule] 12(b)(6) motion, the court is required to presume all well pled *facts,* not propositions of law, to be true."); *id.* ("Appellants cannot transform an unsupported proposition of law into a statement of fact merely by stating that they are informed and believe it to be so."); *Edwards v. Lexington Cnty. Sheriff's Dep't*, 386 S.C. 285, 287 n.1, 688 S.E.2d 125, 127 n.1 (2010) (noting "under South Carolina *law*, the sheriff and sheriff's deputies are [s]tate, not county, employees" (emphasis added)).

As to Issue 2: S.C. Const. art. V, § 24 (establishing the office of the sheriff and the term of office and providing, "The General Assembly shall provide by law for their duties and compensation"); *Henry v. Horry Cnty.*, 334 S.C. 461, 463, 514 S.E.2d 122, 123 (1999) (explaining sheriffs are "constitutional officer[s] in South Carolina"); *Cone v. Nettles*, 308 S.C. 109, 112, 417 S.E.2d 523, 525 (1992) (noting the state, rather than the respective counties, "has the 'potential power of control' over the office of sheriff, qualifying the sheriff as a state official"); *id.* at 112, 417 S.E.2d at 524 (holding sheriffs and deputies are state officials); *Wyatt v. Fowler*, 326 S.C. 97, 101, 484 S.E.2d 590, 593 (1997) (noting "deputies and sheriffs are state officials" in the context of a 42 U.S.C. § 1983 action)); *Heath v. Cnty. of*

---

[1] *See* S.C. Code § 15-78-10 to -220 (2005 & Supp. 2014).

*Aiken,* 295 S.C. 416, 418-19, 368 S.E.2d 904, 905-06 (1988) (holding sheriff's deputies are not employees of the county and are not covered by county personnel policy and procedure); *Edwards*, 386 S.C. at 287 n.1, 688 S.E.2d at 127 n.1 (choosing "not [to] address the *legally settled distinction* between a county government and a sheriff's office for liability purposes," but describing the concept that "the sheriff and sheriff's deputies are [s]tate, not county, employees" as "settled law" (emphasis added)); *Faile v. S.C. Dep't of Juvenile Justice*, 350 S.C. 315, 329-30, 566 S.E.2d 536, 543 (2002) (holding under the Act, "only the entity employing the employee whose act gives rise to the claim may be sued" (internal quotation marks omitted)).

As to Issue 3: *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue . . . must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

**AFFIRMED.**[2]

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.